UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DOLORES I. BITTNER,**

      **Plaintiff,**

-v-                                            Case No.: 2:15-cv-2395
                                                                   JUDGE SMITH
                                                                   Magistrate Judge Deavers

**ARIEL CORPORATION,**

      **Defendant.**

## TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

This matter is before the Court on Plaintiff's Motions for Temporary Restraining Order and Preliminary Injunction (Docs. 3 and 4).  Plaintiff Dolores Bittner seeks to enjoin Defendant Ariel Corporation from paying out any funds from its Employee Retirement Plan ("Plan") to the Plan participant and Plaintiff's ex-husband, Edward Bittner.  Defendant Ariel Corporation has filed a Response requesting that should the Court enter an injunction in this case, that the Court prohibit any distributions to both Edward and Dolores Bittner until the state court appeals have been fully resolved.  Ariel also requests the Court award it attorneys fees incurred during its participation in this matter, and further requesting dismissal, not only from this case, but from the state court proceedings.  (*See* Doc. 8).  Plaintiff has filed a Reply opposing all of the alternative relief sought by Defendant.  (*See* Doc. 9).

This case stems from divorce proceedings in Delaware County, Ohio between Plaintiff Dolores Bittner and Edward Bittner.  The underlying matter is currently on appeal before the Ohio Fifth District Court of Appeals on the issue of whether it was appropriate for the trial court

to award qualified retirement plan funds for a post-marital obligations, i.e. spousal support. Plaintiff initiated this action for the sole purpose of obtaining an injunction against Ariel from allowing its Plan participant, Edward Bittner, from "withdrawing, taking, depleting, transferring, conveying or otherwise disposing of or changing his interests in the Ariel Corporation Employee Retirement Plan." (Pl.'s Mot. for Prelim. Inj. at 1, Doc. 4). Ariel does not technically oppose Plaintiff's request, but proposes that the injunction in this case cover all disbursements to Dolores and Edward Bittner to protect it from potential liability if it incorrectly disburses Plan funds.

Plaintiff has responded and objects to Defendant's request. Plaintiff asserts that she has been awarded money from the Plan pursuant to a Qualified Domestic Relations Order issued by the Delaware County Common Pleas Court. This money is "currently in an account in Plaintiff's name, but held by Defendant within the Plan." (Pl.'s Reply at 1). Plaintiff asserts that she "should not be restrained from transferring the funds, held in her name, which she received as a property award." (*Id*. at 2). However, Plaintiff fails to acknowledge that should the Delaware County Common Pleas Court ruling get reversed, Defendant could be held liable to Edward Bittner, the Plan participant, for incorrectly disbursing funds. Defendant merely seeks to preserve the status quo and continue to hold all funds in the Plan until all substantive legal issues have been resolved.[1] The Court agrees that Ariel Corporation should be enjoined from making any disbursements to the Bittners until the underlying state proceedings have been fully litigated.

---

[1] The purpose of a temporary restraining order, generally, is to maintain the status quo. *See, e.g., Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996).

However, the additional relief sought by Ariel, the request for attorneys fees and dismissal from the underlying divorce proceedings, are not matters currently before this Court and therefore cannot be ordered.[2]

The following ***Temporary Restraining Order and Preliminary Injunction*** is hereby ordered as follows:

> Defendant Ariel Corporation, its officers, agent, employees and successors are hereby enjoined from permitting either Edward Bittner, the Plan participant, or Dolores Bittner from withdrawing, taking, depleting, transferring, conveying, or otherwise disposing of or changing his or her interest in the Ariel Corporation Employee Retirement Plan.  Ariel Corporation shall continue to hold all funds allocated to both Edward Bittner and Dolores Bittner pending the full and final resolution of all pending matters between the Bittners and exhaustion of all appeals related to such matters, with the exception of interpleading the allocated funds in the state domestic court proceedings.

> Upon confirmation of a final resolution of all pending matters, Ariel Corporation's role, pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), shall be limited to review and approval of qualified domestic relations orders and the allocation of funds in connection with such orders.  *See* ERISA, 29 U.S.C. § 1056(d)(3); IRC Sec. 414(p).

---

[2] Ariel Corporation proposes an interpleader of the Plan funds to limit its legal obligation going forward.  That is a matter best proposed in the state domestic court proceedings, not in this case.

The Clerk of this Court shall remove Documents 3 and 4 from the Court's pending motions list and terminate this case.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**